JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ALICIA MARIE RICHARDS,<br><br>Plaintiff,<br><br>v.<br><br>ORANGE COUNTY SUPERIOR COURT, FAMILY LAW DIVISION, JUDGE ANDRE DE LA CRUZ,<br><br>Defendant. | No. SA CV 20-768-DMG (DFM)<br><br>ORDER DENYING TEMPORARY RESTRAINING ORDER, DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*, AND SUMMARILY DISMISSING CASE |

Alicia Marie Richards ("Plaintiff"), a resident of Orange County, California, applies for leave to file a civil complaint under 42 U.S.C. § 1983 (Dkt. 1, "Complaint"),[1] *in forma pauperis* ("IFP"). See Dkt. 3. Plaintiff seeks to sue Orange County Superior Court Judge Andre De La Cruz who she describes as "a Family Law Judge for the Orange County Superior Court, Family Law Division." Complaint at 3.

"A district court may deny leave to proceed IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998); see also 28 U.S.C. § 1915(e)(2)(B) (providing that court shall dismiss in forma pauperis

---

[1] Citations to the Complaint and its attachments use the pagination from CM/ECF.

case at any time it determines that action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"); accord § 1915A.

Judicial officers are absolutely immune from liability for acts performed in a judicial capacity. See Mireles v. Waco, 502 U.S. 9, 11 (1991) (*per curiam*). Judicial immunity bars suit even if a judge is accused of acting in bad faith, maliciously, corruptly, erroneously, or in excess of jurisdiction. See id. at 11-13. Judicial immunity is overcome in only two sets of circumstances, i.e., when the judge's actions are not taken in his or her judicial capacity or when the actions, though judicial in nature, are taken in the complete absence of all jurisdiction. See id. at 11-12.

Here, it is apparent from the Complaint and its allegations that Plaintiff seeks to impose liability for acts taken by Judge De La Cruz or other judicial officers in their judicial capacity. See, e.g., Complaint at 5 (alleging that Judge De La Cruz failed to hold a mandatory hearing and follow California family law), 8 (claiming denial of due process because court distributed assets before her tort claims in civil court were decided and referencing transcript of proceedings). Because Judge De La Cruz and any other Superior Court judge would be absolutely immune from suit for these actions, leave to amend would be futile.

Further, even if Plaintiff attempted to recast her claims against a different defendant who is not a judicial officer, her claim appears to be barred by the Rooker-Feldman doctrine. The Rooker-Feldman doctrine provides that federal district courts may not exercise appellate jurisdiction over state court decisions. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). The Rooker-Feldman doctrine applies when a plaintiff in federal court alleges a "de facto appeal" by (1) asserting errors by the state court as an injury, and (2)

seeking relief from the state court judgment as a remedy. Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139-40 (9th Cir. 2004). Here, Plaintiff seeks declaratory relief that the judgments of the Superior Court are void and that this Court remand the case to the Superior Court. See Complaint at 14. The injuries alleged are similarly based on claimed errors in the state court judgment. See id. at 5 (failure to hold hearing). Thus, because Plaintiff seeks relief and alleges injuries that would require this Court to sit in appellate jurisdiction over the state court, her claims are barred by the Rooker-Feldman doctrine.

Plaintiff also appears to seek a Temporary Restraining Order ("TRO"). See Complaint at 1. Rule 65 provides the court with the authority to issue temporary restraining orders. See Fed. R. Civ. P. 65(b). The purpose of a TRO is to preserve the status quo before a preliminary injunction hearing may be held. See Wahoo Intern., Inc. v. Phix Doctor, Inc., 2014 WL 2106482, *2 (S.D. Cal. 2014). The standards for a TRO and a preliminary injunction are the same. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n. 7 (9th Cir. 2001).

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20; see also Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015) (*en banc*) (same). Plaintiff has failed to show she is likely to succeed on the merits for the reasons stated above.

Because Plaintiff seeks to sue a party who is immune from suit and her claim appears to be barred by the Rooker-Feldman doctrine, the Court

DENIES Plaintiff's request to proceed *in forma pauperis* and orders the case be summarily dismissed.

DATED: April 21, 2020

DOLLY M. GEE
United States District Judge

Presented by:

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge